**STATE**

v.

**James GLOVER.**

**No. 92–108–C.A.**

Supreme Court of Rhode Island.

Oct. 16, 1992.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for petitioner.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for respondent.

## OPINION

**PER CURIAM.**

This matter was before the Supreme Court pursuant to an order issued to the state and to the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant was convicted of second-degree sexual assault in the Superior Court. He appeals from the denial of his motion for a new trial.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we conclude that cause has not been shown. This court is of the opinion that the trial justice did not err in the admission of evidence of other crimes under Rule 404(b) of the Rhode Island Rules of Evidence. It appears the evidence was "reasonably necessary" to demonstrate a lewd disposition or intent on the defendant's part. *See State v. Jalette,* 119 R.I. 614, 627, 382 A.2d 526, 533 (1978), and *State v. Tobin,* 602 A.2d 528, 532 (R.I.1992). The court is also of the opinion that the admission of a microfiche copy of the defendant's earlier court martial was correct under R.I.R.Evid. 901(b)(7). There was evidence that the document was from a public office that usually kept such writings in the ordinary course of business. *See also* 2 *McCormick on Evidence* § 224 (4th ed. 1992); 7 Wigmore, *Evidence* §§ 2158, 2159 (Chadbourn rev. ed. 1978). The court believes that satisfactory proof of such custody was established.

For these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.